Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50287 | **DATE** | 7/17/2001 |
| **CASE TITLE** | Huizenga vs. Elkay Mfg. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for review of defendant's Bill of Costs is denied. Defendant, Elkay Manufacturing's Bill of Costs is entered in the amount of $1,914.16 and is included in the judgment pursuant to Rule 54.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUL 18 2001 | 31 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2001 JUL 17 PM 3:27 | 7-17-01 date mailed notice |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

## MEMORANDUM OPINION AND ORDER

On June 5, 2001 the court granted Elkay Manufacturing's ("Elkay") motion for summary judgment. Elkay filed a motion for a Bill of Costs pursuant to Fed.R.Civ.P. 54(d)(1) on July 5, 2000 for $1,914.16. Plaintiff Samuel L. Huizenga filed objections to the Bill of Costs on July 11, 2000. Huizenga objects to the Bill of Costs on the grounds that: (1) he is unemployed and essentially indigent and it would create a financial hardship for him to pay the Bill of Costs; and, (2) not all the costs requested were related to Elkay's motion for summary judgment, nor were all the requested costs necessary. (Plaintiff's Mot., ¶¶ 2-3)

Costs other than attorneys' fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1); Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997). A district court's discretion when reducing or eliminating costs is narrowly confined to two grounds: (1) when the prevailing party has engaged in misconduct worthy of a penalty; or, (2) when the losing party is unable to pay. Contreras, 119 F.3d at 1295. Here, Huizenga seeks to have Elkay's costs reduced or eliminated on the basis of the indigency exception. However, his bare assertion that he is unemployed and "essentially" indigent is not enough to carry the day. Likewise, Huizenga bears the burden of showing that Elkay is not entitled to the costs he is challenging. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991); see also In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462-63 (3d Cir. 2000). His bare assertion that some of the costs are unrelated or unnecessary does not sustain his burden of proof.

Huizenga's motion for review of Elkay's Bill of Costs is denied.